

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. O-6081
Re: Maximum compensation for
contracts authorized by
Arts. 7335, 7335a, 72__,
and 7264a, V. A. C. S.

We have received your recent communication in which
you ask the following questions:

"1. What is the maximum compensation that
the Commissioners' Court can agree to pay to
competent persons to install Block Books and
Maps, or a tax or plat system?

"2. What is the maximum compensation that
the Commissioners' Court can agree to pay attor-
neys for the collection of delinquent taxes?

"3. What is the maximum compensation that
the Commissioners' Court can agree to pay to
competent persons to modernize the existing Block
Book and Map System of the County, and also to
enforce the collection of delinquent taxes, which
would necessitate the employment of counsel?"

Article 7335, Vernon's Annotated Civil Statutes,
provides as follows:

"Whenever the commissioners court of any county
after thirty days written notice to the county attor-
ney or district attorney to file delinquent tax suits
and his failure to do so, shall deem it necessary or

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. John R. Shook, page 2

expedient, said court may contract with any com-
petent attorney to enforce or assist in the
enforcement of the collection of any delinquent
State and county taxes for a per cent on the
taxes, penalty and interest actually collected,
and said court is further authorized to pay
for an abstract of property assessed or unknown
and unrendered from the taxes, interest and pen-
alty to be collected on such lands, but all such
payment and expenses shall be contingent upon
the collection of such taxes, penalty and inter-
est.  It shall be the duty of the county attorney,
or of the district attorney, where there is no
county attorney, to actively assist any person
with whom such contract is made, by filing and
pushing to a speedy conclusion all suits for
collection of delinquent taxes, under any con-
tract made as herein above specified; provided,
that where any district or county attorney shall
fail or refuse to file and prosecute such suits
in good faith,he shall not be entitled to any
fees therefrom, but such fees shall nevertheless
be collected as a part of the costs of suit and
applied on the payment of the compensation al-
lowed the attorney prosecuting the suit, and the
attorney with whom such contract has been made
is hereby fully empowered and authorized to
proceed in such suits without the joinder and
assistance of said county or district attorneys.
Acts 2nd C. S., 1923, p. 37; Acts 3rd C. S. 1923,
p. 182."

Article 7335a, V. A. C. S., provides as follows:

"Sec. 1.  No contract shall be made or
entered into by the Commissioners' Court in con-
nection with the collection of delinquent taxes
where the compensation under such contract is
more than fifteen per cent of the amount collected.
Said contract must be approved by both the
Comptroller and the Attorney General of the State

of Texas, both as to substance and form. Provided however the County or District Attorney shall not receive any compensation for any services he may render in connection with the performance of the contract or the taxes collected thereunder.

"Sec. 2.   Any contract made in violation of this Act shall be void.  Acts 1930, 41st Leg., 4th C. S., p. 9, ch. 8."

Article 7344, V. A. C. S., provides as follows:

"In counties in which the subdivisions of surveys are not regularly numbered, and in cities or towns in which the blocks or subdivisions are not numbered, or are so irregularly numbered as to make it difficult or impossible for the assessor to list the same, the commissioners court of such counties may have all the blocks and subdivisions of surveys platted and numbered so as to identify each lot or tract, and furnish the assessor with maps showing such numbering; and an assessment of any property by such numbering on said maps shall be sufficient description thereof for all purposes. Such maps or a certified copy of same or any part thereof, shall be admissible as evidence in all courts. The cost of making said survey and plats shall be defrayed by the county in which said property is situated, and of which said commissioners court ordered the said surveys and plat made and the cost of any map of a town or city shall be paid by such city or town when ordered by the town or city.  Acts 1897, p. 139; G. L. Vol. 10, p. 1193."

Article 7264a, V. A. C. S., provides as follows:

"Sec. 1.   It is hereby declared the Policy of the State to adjust delinquent taxes, correct errors, to eliminate conflicts in surveys of land, and to collect the delinquent, occupation, franchise and Ad Valorem Taxes, in order to clear this State of such taxes, errors and conflicts at the

Hon. John R. Shook, page 4

earliest date possible, and to provide a system for assessors, in order to eliminate the numerous errors that now appear on the tax rolls each recurring year.

"Sec. 2. Cost of collecting delinquent taxes shall not exceed the amount of the penalty and interest, or an amount equal to such penalty and interest of all delinquent taxes collected. Any county desiring to install a tax or plat system and clear the county of errors, conflicts and unknown owners, may do so by paying not to exceed 15% of the delinquent taxes collected, which payment shall cover the cost of records and installing same.

"Sec. 3. In order to speedily carry out the provisions of this Act, the State Comptroller and the Commissioners' Court of each of the several counties may employ competent persons to do the work and to furnish the Comptroller and the Commissioners' Court all cases where adjustment is necessary; and in all such cases the Commissioners' Court shall make proper settlement or adjustment.

"Sec. 4. This Act is not intended to change any law now in effect regarding the collection of delinquent taxes, but to be an aid to the officials in the discharge of their duties, and when the delinquent taxes in a county are adjusted, corrected and collected, the Comptroller shall take necessary steps to see that all delinquent taxes are collected within a reasonable time after they become delinquent, in order to avoid the necessity of again employing additional help. Acts 1931, 42nd Leg., p. 383, ch. 229."

In passing on the validity of a certain contract, the Galveston Court of Civil Appeals in the case of Marquart, et al, vs. Harris County, et al, 117 S. W. (2d) 494, (writ dismissed), said the following:

Hon. John R. Shook, page 5

"If, however, there be any doubt as to the applicability of Art. 7335a, which was passed in 1930, the companion Act, Art. 7264a, passed in 1931, apparently clears it up, the two being construable together, along with other laws relating to the assessment and collection of taxes; . . . ."

In the case of Mills-Dewitt Co., vs. Brazoria County, 142 S. W. (2d) 916, (writ ref.), where the contract in question was one calling for the installation of a complete plat book system for the county and to build certain maps, for a consideration of 33-1/3 per cent of all delinquent taxes collected during a certain time, the Galveston Court held as follows:

". . . . it expressly appears upon the face thereof that this was, plainly, a contract 'in connection with the collection of delinquent taxes', within the terms of Articles 7335a and 7264a, supra, hence the efforts . . . to resuscitate them - after they had so become functus officio by their own terms - were in direct contravention of the terms of those statutes, hence were abortive; . . . In that the express terms of cited Article 7335a render such efforts to waive the time of performance or renew the obligation after its expiration, void, on two counts: (a) The compensation was more than twice the 15% therein specified as a maximum charge, and (b) neither the Comptroller nor the Attorney General of the State had approved any of them; neither did subsequent R. S. Article 7264a retrieve this black-out for appellant in any respect, because, by its express terms, it was 'not intended to change any law now in effect regarding the collection of delinquent taxes'."

In the case of White vs. McGill, County Judge, et al, 114 S. W. (2d) 860, a suit involving a "tax ferret contract" in regard to personal property, the Supreme Court of Texas said:

Hon. John R. Shook, page 6

"In order to avoid the execution of contracts
calling for excessive and unreasonable compensation,
the Legislature enacted the foregoing articles,
(Art. 7335a and Art. 7264a, V. A. C. S.) and limited
the compensation to be paid thereunder to an amount
not to exceed 15 per cent of the amount collected...
Articles 7335 and 7344 form the basis to support the
contracts upheld in the decisions above cited. (East-
wood v. Henderson County, 62 S. W. (2d) 65; Sylvan Sanders
Company vs. Scurry County, 77 S. W. (2d) 709), executed
prior to the enactment of articles 7264a and 7335a.
Article 7344 refers to real estate and the method of
its assessment. Article 7335 has been amended by add-
ing Article 7335a thereto. . . Therefore we conclude
that the contract involved here is governed by the
provisions of Article 7335a."

From a study of the above authorities, together with
other similar ones, we have become convinced that the appellate
courts of this State deem said articles 7335, 7344 and 7264a, all,
as being "in connection with the collection of delinquent taxes"
and cumulative of each other, and, as such, being amenable to the
provisions of Article 7335a, supra. This being so, we do not be-
lieve that the various methods of collecting taxes, or in aid
thereof, enumerated in said statutes could be so split and separ-
ated from each other so as to allow the maximum 15% compensation
for each of such methods, if more than one method is used for
the same contract time. In other words, if only one method is
desired, then the compensation for services rendered in pursuing
that method should be commensurate with the value received but
it could not be more than the 15% ceiling. If more than one
method, or all methods, are used, in one or more contracts with
the same or different persons, the ceiling for the entire work
covered by such statutes could not exceed 15% of the amount col-
lected thereunder for the period of time involved.

Therefore, in answer to your question No. 1, you are
advised that any county desiring to install a tax or plat system
and clear the county of errors, conflicts and unknown owners, may
do so by paying not to exceed 15% of the delinquent taxes collected,
which payment shall cover the cost of records and installing same.

Your question No. 2, we believe, is answered by the express provisions of Article 7335a, supra: ". . . . fifteen per cent of the amount collected."

In regard to your question No. 3, we repeat that the maximum compensation for the entire work done under authority of Articles 7335, 7344 and 7264a, supra, could not exceed 15% of the amount collected thereunder for the period of time involved.

Trusting this fully answers your questions, we are

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore Jr.

Robert L. Lattimore, Jr.
Assistant.

RLL:rt

APPROVED OCT 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN